# . THE

# NEW YORK SUPPLEMENT

## VOLUME 137

### LICHENSTEIN v. LORGE et al.

(Supreme Court, Special Term, New York County. ·August 20, 1912.)

1. ATTACHMENT (§ 28*)—ABSENCE OF RESIDENT DEFENDANT—FAILURE TO FILE DESIGNATION—PROOF.

To authorize attachment on the ground of defendant, an adult resident of the state, having been continuously without it for more .than six months next before the order of publication of the summons against him, and not having made a designation, still in force, of a person on whom to serve a summons in his behalf, as prescribed in Code Civ. Proc. § 430, as amended September 1, 1899 (Laws 1899, c. 524), the records in the office of the clerk of the county, where such designation must be filed, must be searched not merely for such six months, but from September 1, 1899, as a designation might at any time after then have been filed and be still in force. Such section provides it shall remain in force during the period specified in it, if any, or, if no period be specified, then for three years.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 74–78; Dec. Dig. § 28.*]

2. ATTACHMENT (§ 111*)—ABSENCE OF RESIDENT DEFENDANT—FAILURE TO FILE DESIGNATION—AFFIDAVIT.

The affidavit for attachment, on the ground of absence from the state for more than six months of the resident defendant, without having made a designation, still in force, of a person on whom to serve a summons in his behalf, as prescribed in Code Civ. Proc. § 430, as amended September 1, 1899 (Laws 1899, c. 524), is insufficient, where merely alleging defendant has not made a designation, as appears by the clerk's certificate, as it must be considered to be limited to the six-months period covered by the clerk's certificate of search of his records, or else to be on information and belief.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 292–302; Dec. Dig. § 111.*]

Action by one Lichenstein against Julius R. Lorge and others. Defendants move to vacate an attachment. Motion granted.

Henry W. Stowell, of New York City, for plaintiff.

Otterbourg, Steindler & Houston, of New York City, for defendants.

BRADY, J. This is a motion to vacate an attachment and is based upon the warrant and the papers upon which it was granted. The attachment was issued upon the ground that the defendants, being adults and residents of the county and state of New York, were continuously without the state, but within the United States, for more than six months next before the granting of the order of publication of the summons against them, and had not made a designation of a person upon whom to serve a summons on their behalf, as prescribed in section 430 of the Code of Civil Procedure. [1, 2] The only question arising for determination on the motion is whether the proof of absence from the state and of the failure to make such designation submitted upon the application for the attachment is sufficient. The proof of failure to file a designation consisted of an allegation in the affidavit of Arthur S. Friend, one of the plaintiffs, in the following language:

"That the defendants are adults, and have been continuously absent from the state of New York for more than six months next before the granting of the order of publication of the summons against them on the 25th day of July, 1912, and said defendants and neither of them have made a designation of a person upon whom to serve a summons against him or them, as appears by the certificate of the clerk of the county of New York, herewith submitted."

The certificate of the clerk of the county referred to was made upon a requisition signed by the attorneys now acting for plaintiffs and which reads as follows:

"The clerk of the city and county of New York will please search for the designation by Julius R. Lorge, Joseph W. Lorge, and J. B. Lorge & Co., of any person upon whom service of a summons can be made on behalf of said Julius R. Lorge and Joseph W. Lorge, filed pursuant to the terms of section 430 of the Code of Civil Procedure, from January 1, 1912, to date of return, and certify the result to Wise & Lichenstein, attorneys, etc., and said certificate reads as follows: 'Nothing found for period mentioned.'
"Dated July 18, 1912, 9 A. M.
"[Signed]                                    Wm. F. Schneider, Clerk."

I am of the opinion that the proof furnished was not sufficient. Section 430 aforesaid, as amended September 1, 1899 (Laws 1899, c. 524), provides that a resident of the state, of full age, may execute under his hand and acknowledge in the manner required by law to entitle a deed to be recorded a written designation of another resident of the state as a person upon whom to serve a summons during the absence from the state of New York of the person making the designation, and may file the same with the written consent of the person so designated, executed and acknowledged in the same manner, in the office of the clerk of the county where the person making the designation resides, and that the designation remains in force during the period specified therein, if any, and, if no period is specified, it remains in force for three years. It needs no argument to show that under this section a designation might have been filed by the defendants at any time after September 1, 1899, which might have specified therein a period of such length as to keep it in force for many years yet to come after the date of the affidavit, or that a designation might have been filed by them at any time after July 25, 1909, which specified no period, but which, by virtue of the section, would remain in force

for three years after the date of filing, and thus have been in force at the time said affidavit was made.

It is, then, apparent that it could not be made to appear that no designation was on file which was in force at the time the attachment was granted, unless allegation was made sufficient to enable the court to determine that search was made from the earlier date above referred to, namely, September 1, 1899, down to the time of the making of the affidavit. The clerk's certificate covers only the period from January 1, 1912, and the affidavit simply alleges that the defendants and neither of them have made a designation, as appears by the clerk's certificate; in other words, the affiant limits his allegations to the proof contained in the certificate, which covers only a period of a little over six months. I do not think that the allegations of the affiant can be construed as positive, regardless of the reference to the clerk's certificate, or that it referred or was intended to refer to any period other or longer than that embraced in the requisition and certificate. Even if the reference to the certificate be eliminated, the averment, then, although apparently positive, must be treated as made upon information and belief, as the basis of affiant's knowledge could only be an examination of the proper records in the office of the county clerk, and if such search were actually made by him I think he should have so stated, giving the period covered.

The fact of absence from the state, as well as that of failure to file a proper designation, is jurisdictional, and if either is not properly alleged the process is void, and the defect is not merely an irregularity. I am of the opinion, too, that the allegations as to absence from the state do not conform to law.

Motion to vacate attachment is granted, with costs.